| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMULO RAY RUFO, TRINA RUFO, individuals,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Case No. CV 18-2138 PSG (ASx)<br><br>[PROPOSED] PRE-TRIAL CONFERENCE ORDER<br><br>Honorable Philip S. Gutierrez<br>United States District Judge<br><br><u>Final Pre-Trial Conference</u><br>Date: December 2, 2019<br>Time: 2:30 p.m.<br>Place: Courtroom 6A<br>     First Street Courthouse<br>     350 West 1st Street<br>     Los Angeles, CA. 90012 |

# TABLE OF CONTENTS

| SECTION | TITLE | PAGE |
|---|---|---|
| 1 | THE PARTIES | 1 |
| 2 | FEDERAL JURISDICTION AND VENUE | 1 |
| 3 | TRIAL | 1 |
| 4 | ADMITTED FACTS | 2 |
| 5 | STIPULATED FACTS | 2 |
| 6 | CLAIMS AND DEFENSES | 3 |
| 7 | REMAINING TRIABLE ISSUES | 5 |
| 8 | DISCOVERY | 5 |
| 9 | TRIAL EXHIBITS | 6 |
| 10 | WITNESS LIST | 10 |
| 11 | MOTIONS | 10 |
| 12 | BIFURCATION | 10 |
| 13 | ADMISSIONS | 11 |

Following pre-trial proceedings, pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 16-7 of the Local Rules of the Central District of California, and this Court's February 26, 2019 Order re Court Trial,

IT IS ORDERED:

## I. THE PARTIES

The parties to this matter are Plaintiffs Romulo Ray Rufo and Trina Rufo ("Plaintiffs" or "Rufos") and Defendant United States of America ("Defendant" or "United States"). Defendant has been served and appeared. All other parties named in the pleadings are now dismissed. The pleadings are the Complaint and Defendant's Answer thereto.

## II. FEDERAL JURISDICTION AND VENUE

Federal subject matter jurisdiction exists pursuant to the Federal Tort Claims Act under 28 U.S.C. §1346(b), §2671 et seq. Here, Plaintiff Romulo Ray Rufo's SF-95 administrative tort claim was in the amount of $15,000,000 for his personal injury economic and non-economic damages and $2,000,000 for Trina Rufo's loss of consortium.

Venue is appropriate in the Central District of California under 28 U.S.C. §1402(b), as the incident which gives rise to the claims and lawsuit occurred in this District.

## III. TRIAL

Plaintiffs and Defendant estimate a four day trial if expert witnesses direct testimony is offered by declaration. If not, the estimate is six to seven days. The parties anticipate that certain witnesses, such as medical expert witnesses may be called out of order in order to accommodate their patient responsibilities. The parties have already exchanged a list of dates and times each expert is expected to be called.

The trial is to be a bench trial.

IV. **ADMITTED FACTS**

The following facts are admitted and require no proof:

a. On March 16, 2016, Plaintiff Romulo Ray Rufo and Drug Enforcement Administration (DEA) agent James Albert Smith were involved in a rear-end motor vehicle accident on Interstate 710. The Rufo vehicle was pushed into the rear of a third vehicle driven by Alejandro Becerril.

b. At the time of the accident, Mr. Rufo was driving a 2006 Volkswagen Passat.

c. At the time of the accident, agent Smith was driving a 2010 Chevy Impala.

d. The accident was investigated on-site by California Highway Patrol Officer Carter.

e. At the time of the March 16, 2016 motor vehicle accident agent Smith was in the course and scope of his employment with the DEA.

f. Romulo Ray Rufo's SF-95 administrative tort claim was filed on or about October 4, 2016 in the amount of $15,000,000 for personal injury damages, including economic and non-economic damages.

g. Trina Rufo's SF-95 administrative tort claim was filed on October 4, 2016 and seeks $2,000,000 in loss of consortium damages.

h. Romulo Ray Rufo and Trina Rufo were married on October 6, 2001 and have remained married continuously.

V. **STIPULATED FACTS**

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

a. The peak head acceleration experienced by Mr. Rufo head at the time of the collision would have been approximately 34 G's.

b. The Delta-V for the rear-end impact was 11 to 13 mph.

c. The Delta V to the front of the Impala was in the range of 11-13 mph.

2

   d. The frontal Delta V to the Passat was in the range of 5-7 mph.

   e. The peak longitudinal acceleration experienced by the Passat was approximately 5.5 to 7.5 g.

   f. Time duration of impact between the Impala and the Passat was 150-200 milliseconds.

## VI. CLAIMS AND DEFENSES OF THE PARTIES

### A. Plaintiffs' Claims

(a) Plaintiffs pursue a negligence claim against Defendant.

(b)  1. Defendant owed Plaintiffs a duty;

   2. Defendant, through its employee, breached that duty;

   3. Defendant's breach caused Plaintiff Romulo Ray Rufo's injury and Plaintiff Trina Rufo's resulting loss of consortium;

   4. Plaintiffs were harmed.

(c) Evidence Relied Upon By Plaintiffs To Prove Their Claims Against Defendant

Plaintiffs assert they can establish their negligence claim through evidence of some or all of the following:

- James Albert Smith, an on-duty DEA agent, failed to observe and react to the stopped Rufo vehicle ahead of him. As a result, he impacted the rear of the Rufo vehicle and propelled it into the vehicle ahead.
- The impact from the Smith vehicle created sufficient force on Mr. Rufo's head to cause both a mild traumatic brain injury and a cervical injury.

Plaintiffs assert they can establish their economic and non-economic damages claims through the testimony of treating physicians, designated medical experts, a life care planner, a vocational rehabilitation expert, and an economist. In addition to the testimony of the plaintiffs, several friends and family will testify to establish evidence of Plaintiff Romulo Ray Rufo prior to the collision, in the 3 ½ years following it, and their observations of how the plaintiffs have been affected since the incident.

**B.    Defendant's Affirmative Defenses**

   (1)   <u>Plaintiff Was Comparatively Negligent</u>.

Prior to the collision, Mr. Rufo abruptly stopped his vehicle on the I-710 North without warning. SA Smith had no opportunity to turn left or right and immediately applied his brakes, which were in good working condition. In stopping without warning, Mr. Rufo violated California Vehicle Code § 22109, which prohibits drivers from stopping on a highway without first giving an appropriate signal to the driver of the vehicle to the rear. In addition, Mr. Rufo was following another car so closely that his front bumper rear-ended that car in the March 16, 2016 accident.

The United States must prove the following elements to find comparative fault:

   1. That Mr. Rufo was negligent; and
   2. That his negligence was a substantial factor in causing his harm.
   If the United States proves the above, Mr. Rufo's damages are reduced
   by [the] determination of the percentage of his responsibility.

1-400 CACI 405 (2019).

   "A substantial factor in causing harm is a factor that a reasonable person would
   consider to have contributed to the harm. It must be more than a remote or
   trivial factor. It does not have to be the only cause of the harm."

1-400 CACI 430 (2019).

The key evidence will be the testimony of SA Smith and Mr. Rufo.

   (2)   <u>Plaintiff's Claimed Damages Are Not Related to the March 16, 2016
   Accident</u>

On March 16, 2016, Mr. Rufo was 51 years old. He was 5 feet 8 inches tall, weighed approximately 260 pounds, and had a past medical history of hypertension, diabetes, hyperlipidemia, and sleep apnea. He was also found in imaging studies performed after the March 2016 accident to have arthritic degeneration in his cervical spine. An exacerbation of pre-existing conditions, if any, by the accident would have been limited and temporary. The accident did not alter the natural course of these pre-

4

existing conditions. <u>See</u> 2-3900 CACI 3927 (plaintiff not entitled to damages for pre-existing conditions).

Although Mr. Rufo claims injuries related to a traumatic brain injury, none of the imaging studies of his head, brain, or neck show any evidence of an acute injury. In addition, Mr. Rufo ambulated out of the hospital and denied any pain at the time. His medical issues appear to be chiefly psychological in nature and progressively worsen in the months <u>after</u> the accident, following the hiring of a personal injury attorney, his termination from work, and the death of his mother.

The key evidence on will be Mr. Rufo's medical records, the testimony of Mr. Rufo and Mr. Rufo's treating physicians, and Defendant's experts neurologist Barry Ludwig, neuro-ophthalmologist Howard Krauss, neuro-psychologist Ted Evans, neurosurgeon expert Isaac Yang, and biomechanical expert David Raymond, Ph.D.

    (3)    <u>Plaintiffs' Claim Is Limited To Amount Claimed in Their Administrative Tort Claim</u>.

Plaintiffs' recovery, if any, is limited by the provisions of 28 U.S.C. § 2675. Mr. Rufo's administrative tort claim was for $15,000,000 in personal injury damages. Mrs. Rufo's administrative tort claim was for $2,000,000 in loss of consortium. Plaintiffs are prohibited from recovering "any sum in excess of the amount of the claim presented to the federal agency." 28 U.S.C. § 2675(b).

The key evidence will be the testimony of Mr. Rufo, Mrs. Rufo, Mr. Rufo's treating health care providers and medical records, and the parties' retained medical experts.

  C.  **<u>Third Party Plaintiffs And Defendants</u>**

There are no third parties in this action.

VII. **<u>REMAINING TRIABLE ISSUES</u>**

All of the claims and defenses identified above remain to be tried.

VIII. **<u>DISCOVERY</u>**

All discovery is complete, except for the deposition of Defendant's vocational

5

expert witness, Amy Koellner.  The deposition is scheduled to take place December 4, 2019.

## IX. TRIAL EXHIBITS

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.  On November 12, 2019, the parties filed a joint exhibit list of all parties as required by L.R. 16-5.  On November 25, 2019, the parties filed an amended joint exhibit list.  All exhibits may be admitted without objection, except those exhibits listed below:

Plaintiffs object to the following Defendant's exhibits:

| Ex. No. | Description | Objection |
| --- | --- | --- |
| 103 | David Raymond, Ph.D. biomechanical graphs and illustrations | Lacks Foundation |

Defendant objects to Exhibit Nos. 5, 9, 11, 13, 16-18, 20-21, 23-28, 35-37, 39, 41-45, and 51.  The objections and grounds therefor are:

| Ex. No. | Description | Objection |
| --- | --- | --- |
| 5 | Family photos – prior to incident | Lacks foundation; hearsay; prejudice outweighs probative value |
| 9 | C.V. of Diemha Hoang, M.D. - Physiatrist | Hearsay |
| 11 | C.V. of Monquen Hoang, M.D. – neurologist | Hearsay |
| 13 | C.V. of Azadeh Farin, M.D. – neurosurgeon | Hearsay |
| 16 | C.V. of Nirav Patel, P.T., DPT | Hearsay |
| 17 | Rule 26 report of Nirav Patel, P.T., DPT dated September 12, 2019 | Hearsay |
| 18 | C.V. Eric Ikeda, O.D. - Neuro-optometrist and vision therapist | Hearsay |
| 20 | Rule 26 report of Eric Ikeda, O.D. dated October 1, 2019 | Hearsay |

| 21 | C.V. of David Lechuga, Ph.D. – neuropsychologist | Hearsay |
|---|---|---|
| 23 | Report of David Lechuga dated June 29, 2016 | Hearsay |
| 24 | Rule 26 report of David Lechuga dated September 17, 2019 | Hearsay |
| 25 | C.V. of John Brault – Biomechanical expert | Hearsay |
| 26 | Rule 26 report of John Brault | Hearsay |
| 27 | C.V of David Edelman, M.D. – IME neurologist for disability determination | Hearsay |
| 28 | Report of David Edelman, M.D. dated May 21, 2018 | Hearsay |
| 35 | C.V. of Michael Bonneau, MS, CRC – vocational rehab expert | Hearsay |
| 36 | Rule 26 report of Michael Bonneau, MS, CRC dated August 23, 2019 | Hearsay |
| 37 | Report of Michael Bonneau, MS, CRC dated December 5, 2017. | Hearsay |
| 39 | SCE employment evaluations of Ray Rufo prior to incident | Hearsay, Foundation |
| 41 | C.V. of Barbara Greenfield, R.N. – life care planner | Hearsay |
| 42 | Updated life care plan dated - | Hearsay |
| 43 | Notes of communications with other retained experts and treating healthcare providers | Fed. R. Civ. P. 37(c) for failure to disclose; Hearsay; Lacks Foundation; Irrelevant |
| 44 | C.V. of Timothy Lanning – Economist | Hearsay |
| 45 | Rule 26 report of Timothy Lanning setting forth economic losses of Romulo Ray Rufo dated September 12, 2019. | Hearsay |
| 51 | C.V. of Carol Jackson, M.D. – treating neurotologist | Hearsay |

## X. WITNESS LIST

Witness lists of the parties have been filed with the Court. Only the witnesses identified in those lists will be permitted to testify (other than solely for impeachment). In addition to both Plaintiffs testifying, Plaintiffs will provide live testimony from one other family member, Marilyn Rufo Yokoyama, two friends, Brian Bowden and Larry Walkemeyer, a co-worker, Guido Schenkhuizen, Romulo Ray Rufo's supervisor from Southern California Edison, James Spence, CHP officer Carter, James Albert Smith, and the remainder are treating and designated experts.

Should the Court require it, the parties will be prepared to present some expert direct testimony by declaration, and others by deposition excerpts. Each party intending to present evidence by way of deposition testimony will have marked such depositions in accordance with L.R. 16-2.7. Those depositions will be lodged with the Clerk as required by L.R. 32-1.

The parties reserve the right to object to specific questions and/or responses from any deposition offered by the opposing party.

## XI. MOTIONS

### A. Plaintiffs' List of Motions *in Limine*

Plaintiffs have not filed any motions *in limine*.

### B. Defendant's List of Motions *in Limine*

Motion *in Limine* No. 1: Exclude Evidence of Disability Determinations of the Social Security Administration and Sedgwick Claims Management Services. Plaintiffs have filed an opposition.

## XII. BIFURCATION

Bifurcation of the following issues for trial is ordered: None.

## XIII. ADMISSIONS

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-trial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

DATED: _____

_____
HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Approved as to form:

DATED: November 25, 2019          TRAUT FIRM

/s/ Eric V. Traut

Eric V. Traut, Esq., Attorney for Plaintiffs, ROMULO RAY RUFO & TRINA RUFO

DATED: November 25, 2019          Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

/s/ Richard Park

RICHARD M. PARK
FATIMARGENTINA LACAYO
Assistant United States Attorneys

Attorneys for Defendant
UNITED STATES OF AMERICA