UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROMULO RAY RUFO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. CV 18-02138-PSG (ASx)<br><br>[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW<br><br>Honorable Philip S. Gutierrez<br>United States District Judge<br><br><u>Trial</u><br>Date: February 4, 2020<br>Time: 9:00 a.m.<br>Place: Courtroom 6A<br>       First Street Courthouse<br>       350 West 1st Street<br>       Los Angeles, CA. 90012 |

The Court has considered the testimony and exhibits admitted into evidence during the non-jury trial in the above-captioned action, the parties' proposed findings of fact and conclusions of law, and the closing arguments of counsel.  With that as its basis, the Court makes the following ruling pursuant to Federal Rule of Civil Procedure 52(a).

I.  **FINDINGS OF FACT**

    A.  **Plaintiffs Romulo Ray Rufo and Trina Rufo**

    1.  Romulo Ray Rufo was born on August 12, 1964.

    2.  In August 1990, Mr. Rufo graduated from California State University, Dominguez Hills with a bachelor of science degree in Business Administration and a minor in Computer Information Systems.

    3.  On October 6, 2001, Mr. Rufo married his current wife, Trina Rufo.

    4.  Since at least 2004, Mr. and Mrs. Rufo have resided in the city of Long Beach.

    5.  From 2009 to 2016, Mr. Rufo held various real estate related positions at Southern California Edison.  In March 2016, Mr. Rufo reported to the offices of Southern California Edison located in Rosemead.

    6.  Prior to March 16, 2016, Mr. Rufo had a medical history that included obesity, Type II diabetes, obstructive sleep apnea, high cholesterol, and hypertension.

    B.  **The March 16, 2016 Traffic Accident**

    7.  On Wednesday, March 16, 2016 at approximately 7:45 a.m. Plaintiff Romulo Ray Rufo was driving his 2006 Volkswagen Passat to his job in Rosemead when it was hit from behind by a 2010 Chevy Impala driven by on-duty Drug Enforcement Administration Special

1 Agent Albert Smith.

2     8. The accident occurred on Interstate-70 North near the
3 Firestone Boulevard exit, in the city of South Gate.

4     9. At the time of the accident, Mr. Rufo was late to work,
5 which began at 7:00 a.m., whereas SA Smith was scheduled to arrive on
6 time to his workplace in downtown Los Angeles by 8:30 a.m.

7     10. Prior the accident, both vehicles were travelling at
8 approximately 35 miles per hour when Mr. Rufo stopped his vehicle
9 without warning. SA Smith had no opportunity to turn left or right
10 and immediately applied his brakes, which were in good working
11 condition.

12     11. Mr. Rufo was following another car so closely that his
13 front bumper rear-ended that car, which was driven by Alejandro
14 Becerril.

15     12. In the accident, Mr. Rufo's seat belt restrained his body
16 and the headrest protected his head. His car airbag never deployed.

17     13. Immediately after the accident, Mr. Rufo suffered no loss
18 of consciousness, had no complaints of dizziness, nausea, or vomiting
19 nor any acute injuries other than head/neck pain. He was able to
20 ambulate normally, communicate with other drivers and first
21 responders, and shoot a post-accident video on his smartphone.

22     14. Paramedics found Mr. Rufo to be AAO x4 (awake, alert, and
23 oriented to person, place, time, and event) with a Glasgow Coma Score
24 of 15/15.

25     15. Mr. Rufo was taken to the hospital immediately after the
26 accident. CT imaging studies of Mr. Rufo's head and cervical spine
27 and X-ray studies showed no bleeding in the brain, no fractures of
28 the skull, and no acute injuries in his neck.

16. Mr. Rufo was prescribed pain medication and a muscle relaxer, instructed to see his primary care physician, and released from the hospital on the same day with a diagnosis of neck strain.

17. Mr. Rufo ambulated out of the hospital without assistance and denied any pain at that time.

18. Mr. Rufo did not sustain a minor traumatic brain injury as a result of the March 16, 2016 motor vehicle accident. Even if he had, any symptoms of a minor traumatic brain injury should have resolved within weeks and certainly within three to six months.

19. Mr. Rufo did not sustain a concussion or post-concussion syndrome as a result of the motor vehicle accident.

20. Any headache, neck pain, radiating arm pain, dizziness, balance issues, visual disturbance, and cognition problems are belied by objective testing and are not attributable to the March 16, 2016 accident.

**C.   Post-Accident**

21. On April 21, 2016, Mr. Rufo was terminated from his job at Southern California Edison. His termination was unrelated to the March 16, 2016 motor vehicle accident. The termination was a surprise to Mr. Rufo and negatively affected his emotional state.

22. Mr. Rufo's medical issues appeared to progressively worsen in the months after the accident, following his termination from work and the hiring of a personal injury attorney.

23. Since being terminated from Southern California Edison, Mr. Rufo has not actively searched for new work, has not sent out any resume, or participated in any job interviews.

24. In August 2016, Mr. Rufo's mother passed away, which caused him to suffer from depression.

25. On June 22, 2018, Mr. Rufo and his son were involved in a car accident that required them to be transported by ambulance to the local emergency department of a hospital.

26. Insofar as any of these findings of fact are also conclusions of law, they should be deemed incorporated in the following Conclusions of Law.

**II. CONCLUSIONS OF LAW**

    **A. Liability**

        **1. The United States Was Not Negligent.**

27. The Federal Tort Claims Act ("FTCA") preconditions liability and jurisdiction upon proof of an actionable duty, causation, and recoverable damages under the law of the state wherein the conduct complained of occurred. See 28 U.S.C. §§ 1346(b)(1) and 2674 et seq.

28. To be cognizable under the FTCA, the claim must arise from the negligent or wrongful act of a government employee acting within the scope of his or her employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); Dalehite v. United States, 346 U.S. 15 (1953).

29. SA Smith worked for the DEA, and thus was a government employee. At the time of the accident, SA Smith was on duty, and thus was acting within the course and scope of his employment with the DEA.

30. California law applies to this action. Molzof v. United States, 502 U.S. 301, 305 (1992); 28 U.S.C. §§ 1346(b), 2674.

31. In California, "'[t]he elements of a cause of action for

negligence are…(a) a legal duty to use due care; (b) a breach of such a legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." Ladd v. Cty. of San Mateo, 12 Cal. 4th 913, 917 (1996) (citing and quoting Evan F. v. Hughson United Methodist Church, 8 Cal. App. 4th 828, 834 (1992)); see also Cal. Civ. Code § 1714(a).

32. "A driver is not necessarily negligent because his vehicle rear-ends another." Pittman v. Boiven, 149 Cal. App. 2d 207, 214 (1967) (citing cases and explaining factors that are relevant to determining liability in a rear end accident). A driver also has a duty to give an appropriate signal if stopping abruptly. Cal Veh. Code § 22109 ("No person shall stop or suddenly decrease the speed of a vehicle on a highway without first giving an appropriate signal…to the driver of any vehicle immediately to the rear when there is opportunity to give the signal.")

33. Mr. Rufo's claim against the United States fails because SA Smith acted with due care and was not negligent in the operation of his vehicle.

34. Mr. Rufo is at fault for the accident because, prior to the collision, Mr. Rufo stopped his vehicle without warning. SA Smith had no opportunity to turn left or right and immediately applied his brakes.

35. Mr. Rufo is negligent in violating California Vehicle Code § 22109.

36. The Court finds the testimony of SA Smith to be more credible than Mr. Rufo's testimony.

6

**B.     Damages**

    **1.     Recovery Under the FTCA Is Subject to Limitations**

37.  The FTCA imposes limitations on damages awards levied against the United States.

38.  Recovery is limited to the amounts claimed administratively, 28 U.S.C. § 2675(b).

39.  Damages awards must be reasonable and certain.

40.  An injured party "has a duty to mitigate damages," and Mr. Rufo cannot recover losses he could have avoided through reasonable efforts. Thrifty-Tel, Inc. v. Bezenek, 46 Cal. App. 4th 1559, 1568 (1996).

41.  Any award of future damages must be discounted to present value. See United States v. English, 521 F.2d 63, 71-72 (9th Cir. 1975).

42.  The FTCA precludes an award of pre-judgment interest, 28 U.S.C. § 2674, and post-judgment interest, if applicable, is governed by 31 U.S.C. § 1304.

43.  Punitive damages cannot be assessed against the United States. 28 U.S.C. § 2674; See Felder v. United States, 543 F.2d 657 (9th Cir. 1976).

    **2.     Medical Expenses**

        **a.     Past Expenses**

44.  Plaintiff may only recover the reasonable value of past medical services. Howell v. Hamilton Meats & Provisions, Inc., 52 Cal. 4th 541, 555 (2011). A plaintiff's damages are limited to "the lesser of (1) the amount paid or incurred for past medical services, and (2) the reasonable value of the services." Ochoa v. Dorado, 228 Cal. App. 4th 120, 134 (2014) (citing Howell, 52 Cal. 4th at 556). To

recover for past medical expenses, a plaintiff must prove: (1) the amount of each expense; (2) that each of the charges was reasonable; (3) that each of the services was actually given, and was reasonably necessary to diagnose and treat the injuries; and (4) that the condition which necessitated the treatment was the legal result of the injury caused by the defendant. See Ochoa, Cal. App. 4th at 137.

45. Mr. Rufo has failed to establish reasonable and necessary past medical expenses and, therefore, cannot recover for past medical damages.

### b.   Future Expenses

46. To recover damages for future medical expenses, Mr. Rufo must prove: (1) the reasonable value of each of the expected future medical expenses; (2) that the future medical care, services and supplies are reasonably certain to be needed and given in treatment of the injury; and (3) that the condition requiring the future medical care is causally connected to the injuries inflicted by Defendant. See Cal. Civ. Code § 3283; Garcia v. Duro Dyne Corp., 156 Cal. App. 4th 92, 97 (2007).

47. Future medical expenses may not be awarded if they are deemed speculative. See id.

48. Approximately four years after the car accident, the Court finds that that Mr. Rufo does not require any future medical care for injuries related to the accident.

### 3.   Lost Earnings

49. To recover past and future lost earnings, Mr. Rufo must prove the amount of income which he has lost to date, as well as the amount of income he will be reasonably certain to lose in the future as a result of his alleged injuries. See CACI 3903C. Plaintiff must

prove that future economic losses are reasonably certain. See <u>Atkins v. City of Los Angeles</u>, 8 Cal. App. 5th 696, 738 (2017).

50. Since the approximately four years after the car accident, the Court finds that that Mr. Rufo has no lost earnings, past or future, related to the accident.

### 4. Non-Economic Damages

51. Fault must be apportioned among all joint tortfeasors including individuals not named in this action, who caused Mr. Rufo's damages, and if Defendant is found liable, it may only be required to pay its apportioned share of non-economic damages. See Cal. Civ. Code § 1431.

52. Non-economic damages may be available for past and future pain and suffering; there is no fixed standard for determining pain and suffering. <u>Capelouto v. Kaiser Found. Hosps.</u>, 7 Cal. 3d 889, 892-893 (1972).

53. The trier of fact is required to determine the amount of damages that are just and reasonable in light of the evidence. See <u>Duarte v. Zachariah</u>, 22 Cal. App. 4th 1652, 1664-1665 (1994).

54. Similarly, future pain and suffering must appear reasonably certain to occur, <u>Silvester v. Scanlan</u>, 136 Cal. App. 107 (1934), and the amount awarded must be reasonable based upon the evidence presented. <u>Duarte</u>, 22 Cal. App. 4th at 1664-1665.

55. Based on the evidence presented, the Court finds that Mr. Rufo is not entitled to non-economic damages.

## C. Loss of Consortium

### 1. A claim for loss of consortium is derivative of other injuries

56. The spouse of a negligently injured person may recover

damages for loss of consortium, including such elements as security, comfort, affection and companionship, as may be established by the evidence. Rodriguez v. Bethlehem Steel Corp., 12 Cal.3d 382, 409 (1974).

57. To recover for loss of consortium, it is Plaintiff Trina Rufo's burden to prove the following: (1) a valid and lawful marriage with Mr. Rufo at the time of his injury, (2) a tortious injury to Mr. Rufo, (3) loss of consortium suffered by Mrs. Rufo, and that (4) the loss was proximately caused by the act of the United States. Vanhooser v. Superior Court, 206 Cal.App.4th 921, 142 (2012)

58. A claim for loss of consortium is recognized as a "derivative of other injuries not an injury in and of itself." Thomsen v. Sacramento Metro. Fire Dist., No. 2:09-CV-01108 FCD, 2009 WL 8741960, at *13 (E.D. Cal. Oct. 20, 2009)

**2. Damages**

59. Any damages awarded must be reasonable and based upon the evidence and the fact finder's common sense. CACI No. 3920 (2017).

60. Based on the evidence presented, the Court finds that Mrs. Rufo is not entitled to loss of consortium damages.

61. To the extent these conclusions of law also contain findings of fact they should be incorporated within the foregoing Findings of Fact.

DATED: _____

_____
HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

10